IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*******************************

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:19-CR-402 (NAM) |
| v. | |
| TIMOTHY JOHN WALSH, | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | |

*********************************

I.     Introduction

On October 19, 2020, the defendant pled guilty to Counts 1-3 of an indictment charging him with making a false statement in a passport application, in violation of 18 U.S.C. § 1542, misuse of a social security number, in violation of 42 U.S.C. § 408(a)(7)(b), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). The conviction stems from the defendant's use of his deceased brother's identity to secure a renewed fraudulent United States passport bearing his image but his deceased brother's personal identifying information. The government respectfully requests that this Court sentence the defendant to a term of 32 months' imprisonment, representing a bottom-of-the-guideline imprisonment term for his false statement and misuse of a social security number convictions and a guideline consecutive term of 24 months for his aggravated identity theft conviction.

II.    Statutory and Guidelines Provisions

   A.  Statutory Provisions

The maximum term of imprisonment on Count 1 (false statement on passport application) is 10 years, the maximum term of imprisonment on Count 2 (misuse of a social security number) is five years, and the mandatory term of imprisonment on Count 3 (aggravated identity theft) is two years. With respect to Count 3, the two-year mandatory imprisonment term must run

consecutively to the term of imprisonment imposed on Counts 1 and 2 (resulting in a combined mandatory minimum term of imprisonment of two years and one day). The maximum term of supervised release is three years, the maximum fine is $250,000 per Count, and there is a combined mandatory special assessment of $300. 18 U.S.C. § 3583(b)(2), 18 U.S.C. § 3571(b); 18 U.S.C. § 3013. This case does not involve restitution.

### B. Guidelines Provisions

#### 1. Offense Level

Count 1: False Statement Passport Application

| Base Offense Level/Guidelines Adjustment | Level |
|---|---|
| 2L2.2 – base offense level | 8 |
| 2L2.2(b)(3)(A) – fraudulently obtained a United States passport | +4 |
| *Adjusted Offense Level* | 12 |

Count 2: Misuse of a Social Security Number

| Base Offense Level/Guidelines Adjustment | Level |
|---|---|
| 2B1.1 – base offense level | 6 |
| 2B1.1(b)(11) – unauthorized use of a means of identification unlawfully to produce or obtain any other means of identification[1] | +6 (automatic increase to 12 if enhancement resulting offense level is less than 12, otherwise +2) |
| *Adjusted Offense Level* | 12 |

These offenses group pursuant to U.S.S.G. § 3D1.2(b), and the defendant receives a two-level reduction for acceptance of responsibility. This results in a total offense level of **10**.

Count 3: Aggravated Identity Theft

The guideline imprisonment range for aggravated identity theft (U.S.S.G. § 2B1.6) is the term of imprisonment required by statute (24 months).

---

[1] This enhancement is an increase in two levels *or* an automatic increase to an offense level 12 if the offense level with the two-level increase is less than 12.

    **2.    Criminal History Category**

The government agrees with the PSR's determination that the defendant falls into Criminal History Category II.

    **3.    Guidelines Imprisonment Range**

The defendant's guidelines imprisonment range on Counts 1-2 is 8-14 months and his guidelines imprisonment range on Count 3 (aggravated identity theft) is 24 months. The sentence imposed on Count 3 must run consecutively to the sentence imposed on Counts 1-2. If this Court were to impose a guideline sentence for both Counts 1-2 (as a group) and Count 3, the resulting sentence would be between 32 and 38 months' imprisonment.

**III.    Government's Sentencing Recommendation**

The government respectfully requests a sentence of 32 months' imprisonment, representing a bottom-of-the-guideline imprisonment term on the defendant's false statement in passport application and misuse of a social security number convictions and a mandatory (and therefore guideline) term on the aggravated identity theft conviction.

Not long after being released from prison, the defendant submitted a false application to renew a fraudulent passport he had obtained years earlier bearing the defendant's likeness but his deceased brother's personal identifying information. The defendant not only secured this renewed fake passport in his deceased brother's identity, but he had other means of identification in that identity that were similarly fraudulent. Although it is unclear what use (if any) the defendant intended to make of his false identity and passport, there is no legitimate reason for the defendant to have renewed the false application if he truly intended to turn over a new leaf and live a law abiding life.

Moreover, although in some circumstances this Court might justifiably assume that a defendant is less likely to recidivate as they age, this defendant committed new crimes almost immediately after serving 10 years in prison and when he was already around 60 years old.

A bottom-of-the-guideline sentence factors in the seriousness of the offense conduct and the defendant's history and characteristics, including his mental health history and his medical conditions. Although the defendant has health concerns, he apparently lives alone successfully without routine assistance.

Considering the foregoing and the applicable 18 U.S.C. § 3553(a) factors, a guideline sentence is appropriate.[2]

                                                   ANTOINETTE T. BACON
                                                   Acting United States Attorney

By:    */s/ Michael Gadarian*
       Digitally signed by MICHAEL GADARIAN
       Date: 2021.02.03 12:42:04 -05'00'

                                                 Michael D. Gadarian
                                                 Assistant United States Attorney
                                                 Bar Roll No. 517198

---

[2] The government reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. See Fed. R. Crim. P. 32(i)(1)(c), 32(h). Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, except for the confidential sentencing recommendation submitted by the United States Probation Office.